UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMED MOHAMED ELGHEMBRI,<br>　　　　Plaintiff,<br>　v.<br>MUHAMMAD, et al.,<br>　　　　Defendants. | Case No. 23-cv-03328-WHO (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Dkt. Nos. 16, 26, 27, 31, and 32 |

## INTRODUCTION

Plaintiff Ahmed Mohamed Elghembri alleges that a prison chaplain, Fasih, has violated his right to the free exercise of his religion, to equal protection, and his statutory rights under RLUIPA, the Religious Land Use and Institutionalized Persons Act. Defendant Fasih has filed a motion to dismiss under Rules 8 and 12(b)(6). (Dkt. No. 16.)

Defendant's motion is GRANTED and the operative complaint is DISMISSED with leave to file an amended complaint on or before **November 3, 2025**. Elghembri's free exercise and statutory claims suffer from the same defect: he fails to allege specific facts in his complaint that defendant substantially burdened his religious practice. Rather, his allegations are confusing and conclusory. His equal protection allegations fail to state a claim because he has not identified in his complaint how he is being treated differently than other similarly-situated persons.

Failure to file a proper amended complaint by November 3, 2025 may result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**BACKGROUND**

Elghembri, a state prisoner who was housed at San Quentin State Prison during the events at issue here, alleges claims against Fasih, who is the Imam or Kateep at San Quentin. He alleges in his first amended complaint that Fasih violated his rights by acting "in a discriminatory manner preventing the Plaintiff" from "exercising his 'Jumm'ah services' " (First Am. Compl., Dkt. No. 8 at 1.) Jumu'ah is "a weekly Muslim congregational service" that is "commanded by the Koran and must be held every Friday after the sun reaches its zenith and before the Asr, or afternoon prayer." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 344 (1987).

According to Elghembri, when Fasih would give his sermon (Kutaba), attendees must "stay quiet and listen" with "spiritual full attention" until it is over. (*Id.* at 1-2.) He alleges that Fasih used the sermon to "spread his jealously [*sic*] and hateness [*sic*] against the Plaintiff" which broke "the quietness of the spiritual service requirement by the faith." (*Id.* at 2.) Fasih allegedly also "engage[d] in talk with the worshippers" that violated the sanctity of the Jum'ah service and its "validness." (*Id.* at 2.) He further alleges that Fasih acted in a "discriminatory matter" by refusing his "accommodation request for his service compared to prisoners of other faiths." (*Id.* at 3.) According to Elghembri, Fasih's actions violated his rights under the Free Exercise Clause, the Equal Protection Clause, and his statutory rights under RLUIPA. (*Id.* at 4.)

**STANDARD OF REVIEW**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is appropriate also when pleadings show a "lack of cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory," *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted), or when an affirmative defense is premised on facts alleged in the complaint, *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1994).

In ruling on a Rule 12(b)(6) motion, a court is limited to the contents of the complaint. "The focus of any Rule 12(b)(6) dismissal—both in the trial court and on appeal—is the complaint." *Schneider v. CDCR*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (noting that "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.")

"Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly*, 550 U.S. at 555 n.3.

**DISCUSSION**

i.  **Free Exercise Claim**

"A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion." *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). "A substantial burden . . . place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Ohno v. Yasuma*, 723 F.3d 984, 1011 (9th Cir. 2013) (quoting *Guru Nanak Sikh Soc'y of Yuba City v. Cnty. of Sutter*, 456 F.3d 978, 988 (9th Cir. 2006) (internal quotation marks and alterations omitted)).

Elghembri's unadorned, generalized allegations fail to show that Fasih substantially burdened his religious practice. He says without elaboration that Fasih used the sermon to spread jealousy and hatred, but he does not specify exactly how this jealousy and hate was expressed. Furthermore, Elghembri must clarify his confusing allegation that Fasih used the sermon to disrupt "the quietness of the spiritual service requirement by the faith." According to the operative complaint, Fasih is performing a Jumu'ah service by giving a sermon. If the Jumu'ah sermon requires Fasih to talk, how can his talk violate the

1  ceremony? Elghembri offers some explanation in his opposition, but I cannot consider
2  such allegations here. Review under Rule 12(b) is limited to the complaint; new
3  allegations in an opposition are "irrelevant for Rule 12(b)(6) purposes." *Schneider*, 151
4  F.3d at 1197 n.1. Elghembri's confusing and bare-bones allegations in his complaint are
5  insufficient under federal pleading standards.

6  The federal pleading standard "demands more than an unadorned, the-defendant-
7  unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Rule
8  8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."
9  *Twombly*, 550 U.S. at 555 n.3. "A plaintiff's obligation to provide the 'grounds' of his
10  'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic
11  recitation of the elements of a cause of action will not do," especially when a complaint is
12  attacked by a motion under Rule 12(b)(6). *Id.* In his amended complaint, Elghembri must
13  state what specific words were used, when they were spoken (whether during the sermon
14  or outside the sermon), and how such words substantially burden his religious exercise.

15  Accordingly, defendant's motion to dismiss the Free Exercise claim under Rules 8
16  and 12 is GRANTED. This claim is DISMISSED with leave to amend. Instructions on
17  how to submit an amended complaint appear in the conclusion of this Order.

18  **ii.  Equal Protection**

19  "The Equal Protection Clause of the Fourteenth Amendment commands that no
20  State shall 'deny to any person within its jurisdiction the equal protection of the laws,'
21  which is essentially a direction that all persons similarly situated should be treated alike."
22  *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v.*
23  *Doe*, 457 U.S. 202, 216 (1982)). To state a claim for relief, the plaintiff must allege that
24  the defendant state actor acted at least in part because of plaintiff's membership in a
25  protected class. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). Or put
26  slightly differently, the plaintiff "must show that a class that is similarly situated has been
27  treated disparately." *Ariz. Dream Act Coal. v. Brewer*, 855 F.3d 957, 966 (9th Cir. 2017).
28  Conclusory allegations will not do. *See Ventura Mobilehome Comms. Owners Ass'n v.*

4

1  *City of Buenaventura*, 371 F.3d 1046, 1055 (9th Cir. 2004) (affirming dismissal of equal
2  protection claim because "[a]side from conclusory allegations, Appellant has not . . .
3  alleged how [similarly situated individuals] are treated differently"). An inmate "'must set
4  forth specific facts showing a genuine issue' as to whether he was afforded a reasonable
5  opportunity to pursue his faith as compared to prisoners of other faiths" and that "officials
6  intentionally acted in a discriminatory manner." *Freeman v. Arpaio*, 125 F.3d 732, 737
7  (9th Cir. 1997), *abrogated on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85
8  (9th Cir. 2008).

Elghembri's allegation in his complaint that Fasih acted "in a discriminatory manner" by refusing to accommodate his request for "his service compared to prisoners of other faiths" is conclusory. He must specify what other specific groups are similarly-situated and how they are receiving different treatment.

In his opposition, but not in the operative complaint, Elghembri alleges that Fasih intentionally discriminated against him by refusing his request to give a sermon, while allowing other, less qualified, persons to give one. (Opp., Dkt. No. 19 at 6-7.) He also denies in his opposition that he alleged Fasih treated him differently or in a discriminatory fashion than how he treats similarly situated persons of other faiths. (*Id.* at 7.) Rather, he alleges Fasih treated him differently than other persons of the same faith. (*Id.* at 7-9.) My review is restricted to the contents of the complaint. *Schneider*, 151 F.3d at 1197 n.1. If Elghembri wishes to modify his allegations, he must do so in an amended complaint.

Accordingly, defendant's motion to dismiss the Equal Protection claim under Rules 8 and 12 is GRANTED. This claim is DISMISSED with leave to amend. Instructions on how to submit an amended complaint appear in the conclusion of this Order.

### iii.  RLUIPA Claim

Under RLUIPA, the Religious Land Use and Institutionalized Persons Act, "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the

1  burden on that person (1) is in furtherance of a compelling governmental interest; and (2)
2  is the least restrictive means of furthering that compelling governmental interest." 42
3  U.S.C. § 2000cc-1(a).  As with the above allegations, Elghembri's allegations fail to show
4  how religious exercise has been substantially burdened.  In his amended complaint, he
5  must allege specific facts in support of his claim.

6  In his opposition, Elghembri alleges that the prison granted his request to have his
7  own Jumu'ah service, but Fasih "refused" his remedy by "blaming the Plaintiff to divide
8  the community." (Opp., Dkt. No. 19 at 16-17.)  He also alleges that Fasih's jealousy and
9  hatred for him arises from the fact that he can read the Koran, while Fasih is unable to,
10 though he can memorize it. (*Id.* at 18.)  I cannot consider such allegations because my
11 review is restricted to the contents of the complaint. *Schneider*, 151 F.3d at 1197 n.1.  If
12 Elghembri wishes to modify his allegations, he must do so in an amended complaint.  And
13 if he does so, he should include facts to support his allegations.

14 Accordingly, defendant's motion to dismiss the RLUIPA claim under Rules 8 and
15 12 is GRANTED.  This claim is DISMISSED with leave to amend.  Instructions on how to
16 submit an amended complaint appear in the conclusion of this Order.

## OTHER MOTIONS

Elghembri has filed four motions or notices regarding defendant's alleged failure to respond, about not receiving mail, and about not receiving defendant's reply to his opposition. (Dkt. Nos. 26, 27, 31, and 32.)  However, he admits he did receive defendant's reply to his opposition. (Dkt. No. 26 at 1.)  These motions are DENIED because there is no relief I can give.  Elghembri received defendant's dismissal motion as shown by the fact that he filed an opposition to it.  Furthermore, he admits he received defendant's reply.

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **November 3, 2025.**  The amended complaint must include the caption and civil case number used in this order (23-03328 WHO (PR)) and the words SECOND AMENDED COMPLAINT must be written on the first page.  The amended complaint must also appear

6

1  on this Court's form, a copy of which will be sent to him.  Because an amended complaint
2  completely replaces the previous complaints, plaintiff must include in his first amended
3  complaint all the claims he wishes to present and all of the defendants he wishes to sue.
4  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate
5  material from the prior complaint by reference.  <u>Failure to file a proper amended complaint
6  by November 3, 2025 may result in dismissal of this action under Federal Rule of Civil
7  Procedure 41(b) for failure to prosecute.</u>
8  The Clerk shall terminate all pending motions.
9  **IT IS SO ORDERED.**
10 **Dated:**  September 18, 2025



WILLIAM H. ORRICK
United States District Judge